## IN THE UNITED STATES BANKRUPTCY COURT
### Eastern District of Virginia
### Richmond Division

| | |
|---|---|
| In re: Melody Yvonne Kirven | Case No. 17-34172-KLP |
| | **Chapter 13** |
| **Debtor** | |

Address: 612 Pollock Street
           Richmond, VA 23222

Last four digits of Social Security No:     xxx-xx-4393 (Debtor)

### NOTICE OF MOTION TO CONTINUE THE AUTOMATIC STAY AND HEARING

The above named Debtor has filed a Motion to Continue the Automatic Stay in this bankruptcy case.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one.

**NOTICE IS HEREBY GIVEN that a hearing thereon will be held on the above-referenced Motion at the United States Bankruptcy Court, in the Honorable Keith L. Phillips's Courtroom, 701 E. Broad Street, Room 5100, Richmond, VA 23219-3515, on September 6, 2017, at 10:00 a.m.**

If you do not want the Court to grant the above-referenced Motion, then no later than 7 days before the date of the hearing, you or your attorney must:

File with the Court a written answer explaining your position at:

        Clerk of Court
        United States Bankruptcy Court
        701 E. Broad Street, Suite 4000
        Richmond, VA 23219-3515

If you mail your response to the Court for filing, you must mail it to the address listed immediately above and early enough so that the Court will **receive** it within the time period stated above.

**Amanda E. DeBerry** (VSB# **83805**)
Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtor

You must also send a copy to:

Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Dated: August 22, 2017                    BOLEMAN LAW FIRM, P.C.
                                          Counsel for Debtor


                                    By:   /s/ Amanda Erin DeBerry
                                          Amanda Erin DeBerry (VSB#83805)
                                          Boleman Law Firm, P.C.
                                          P.O. Box 11588
                                          Richmond, VA  23230-1588
                                          Telephone (804) 358-9900
                                          Counsel for Debtor

## CERTIFICATE OF SERVICE

I certify that on August 22, 2017 I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, and to all creditors and parties in interest on the mailing matrix attached hereto.


                                          /s/ Amanda Erin DeBerry
                                          Counsel for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Melody Yvonne Kirven            Case No. 17-34172-KLP
Debtor            Chapter 13

**MOTION TO CONTINUE AUTOMATIC STAY AND
MEMORANDUM IN SUPPORT THEREOF**

**COMES NOW** MELODY YVONNE KIRVEN (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and files the following Motion to Continue Automatic Stay and Memorandum in Support Thereof, and affirmatively states as follows:

**Jurisdiction**

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

**Background Facts**

4. On August 18, 2017 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "instant case").

5. Within the year prior to filing the instant case, Debtor has been a debtor in one (1) pending Chapter 13 bankruptcy case (the "previous case"), which was filed on

---

**Amanda E. DeBerry** (VSB# **83805**)
Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtor

May 5, 2017, and dismissed on August 4, 2017 (Case No. 17-32358). The previous case was dismissed by the Court because of failure to commence plan payments. Ms. Kirven's employer was having administrative issues and she did not receive regular paychecks immediately following the commencement of her case, which meant that she could not make her plan payments timely.

6. Ms. Kirven has been a debtor in seven additional prior bankruptcy cases. The first was filed April 6, 1993 and discharged July 23, 1993 (Case No. 93-31491). The second was filed November 15, 1996 and dismissed May 14, 1997 (Case No. 96-36413). The third was filed May 16, 1997 and dismissed July 10, 1997 (Case No. 97-33406). The fourth was filed July 17, 1997 and dismissed March 11, 1998 (Case No. 97-34981). The fifth was filed March 17, 1998 and dismissed June 22, 1998 (Case No. 98-31996). The sixth was filed June 27, 2000 and dismissed Octoer 12, 2000 (Case No. 00-33639). The seventh was filed October 29, 2008 and discharged June 25, 2013 (Case No. 08-35406).

## Facts of the Instant Case

7. In the instant case, Debtor has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $340.00 per month, for a period of 60 months.

8. Among other provisions, the Plan proposes the following: payment through the Trustee to Credit Acceptance and Loan Smart for vehicles; to Schewel Furniture for personal proeprty; to the IRS, City of Richmond, and Henrico County for certain tax debts; Debtor's unsecured creditors will receive a reasonable dividend based on her best efforts to pay.

**Discussion**

9. Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . " on September 17, 2017, unless the Court extends the automatic stay. 11 U.S.C. § 362(c)(3)(A) and (B).

10. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

11. If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtor to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtor must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

12. Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr.E.D.Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

13. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial

situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, citing Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld at 152, citing Deans at 972, and quoting 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3),

> "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13."

Chaney at 694.

## Argument

15. In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that the instant case was filed in good faith.

16. In the instant case, the Debtor has acted in good faith, and Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the

instant case. In support thereof, Debtor submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

17. Applying the <u>Neufeld</u> factors to Debtor's circumstances and to this case leads to the following conclusions:

a. *Percentage of proposed repayment* - The Plan proposes to pay a dividend of 5% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

b. *Debtor's financial situation* – Debtor has income from employment as a medical assistant at ISWLC. A significant positive change in the Debtor's financial circumstances has also taken place since the dismissal of the previous case. Specifically, Ms. Kirven's employer has resumed providing regular paychecks and the administrative issues have been resolved Additionally, Debtor's income is likely to remain consistent throughout this case. Debtor's financial situation does not allow for the maintenance of unnecessary expenses for luxury items but allows for the maintenance of an average standard of living for Debtor's household and the successful completion of the terms of the Chapter 13 Plan. Application of this factor favors a finding of good faith.

c. *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors a finding of good faith.

d. *Debtor's employment history and prospects* – Ms. Kirven has been with her current employer since 2015  Application of this factor favors a finding of good

faith.

  e. *Nature and amount of unsecured claims* - Debtor's non-priority unsecured debts are estimated to be approximately $31,894.08. Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

  f. *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact that Debtor was a debtor in a previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

  g. *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

  h. *Any unusual or exceptional problems facing the particular debtor* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

 18. Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter

13". *See* <u>Chaney</u> at 694. In support hereof, Debtor asserts the following additional arguments:

    a.    *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor's actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

    b.    *How the debts arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

    c.    *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

    d.    *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." <u>Galanis</u>, 334 B.R. at 696.

    e.    *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete this case. Debtor incorporates such explanations herein

by this reference. Application of this factor favors a finding of good faith.

WHEREFORE, for the foregoing reasons, MELODY YVONNE KIRVEN respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

    Respectfully submitted,

    MELODY YVONNE KIRVEN
    By Counsel:

    /s/ **Amanda E. DeBerry**
    **Amanda E. DeBerry** (VSB# **83805**)
    Boleman Law Firm, P.C.
    P. O. Box 11588
    Richmond, Virginia 23230-1588
    Telephone (804) 358-9900
    Counsel for Debtor

## CERTIFICATE OF SERVICE

I certify that on August 22, 2017, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor(s), Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, and to all creditors and parties in interest of the mailing matrix attached hereto.

    /s/ **Amanda E. DeBerry**
    Counsel for Debtor

| | | |
|---|---|---|
| Office of the US Trustee<br>701 E. Broad Street<br>Room 4304<br>Richmond, VA 23219 | Andre S. Kirven, Sr.<br>612 Pollock St<br>Richmond, VA 23222 | Bank of America<br>1100 North King Street<br>Wilmington, DE 19884-2211 |
| BB&T<br>Attn: Bankruptcy Dept<br>P.O. Box 1847<br>Wilson, NC 27894 | City of Richmond - TAX<br>City Hall<br>900 E. Broad Street, Room 100<br>Richmond, VA 23219 | Commonwealth OB/GYN Specialist<br>7605 Forest Ave Ste 313<br>Henrico, VA 23229 |
| County of Henrico<br>Treasury Division<br>P.O. Box 90775<br>Henrico, VA 23273-0775 | Credit Acceptance Corp<br>Attn: Bankruptcy Dept<br>25505 W. 12 Mile Rd.<br>Soutfield, MI 48034 | Dept Of Ed/Nelnet<br>121 S 13Th Street<br>Lincoln, NE 68508 |
| DMV<br>Attn: Bankruptcy Dept<br>2300 W. Broad St.<br>Richmond, VA 23220 | E-Z Pass Virginia<br>Violation Processing Center<br>P.O. Box 1234<br>Clifton Forge, VA 24422 | ERC<br>P.O. Box 57547<br>Jacksonville, FL 32241 |
| First Premier Bank<br>Attn: Bankruptcy Dept.<br>PO Box 5524<br>Sioux Falls, SD 57117-5524 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Loan Smart<br>503 E. Laburnum Ave<br>Richmond, VA 23222 |
| Navy Federal Credit Union<br>P.O. Box 3000<br>Merrifield, VA 22119-3000 | Richmond Gen. Dist. Ct.<br>400 N. 9th St, Ste 203<br>Richmond, VA 23219 | Richmond Metropolitan Transit<br>919 E. Main Street #600<br>Richmond, VA 23219 |
| Santander Consumer USA<br>Attn: Bankruptcy Department<br>PO Box 560284<br>Dallas, TX 75356-0284 | Schewel Furniture Company<br>1553 S. Main Street<br>Blackstone, VA 23824 | Sprint<br>Attn: Bankruptcy Dept<br>12502 Sprint<br>Reston, VA 20196 |
| T-Mobile USA Inc<br>Re: Bankruptcy<br>PO Box 53410<br>Bellevue, WA 98015 | Target<br>Bankruptcy Department<br>PO Box 1327<br>Minneapolis, MN 55440 | Verizon<br>500 Technology Drive<br>Suite 550<br>Saint Charles, MO 63304-2225 |
| Virginia Dept of Taxation<br>P.O. Box 2156<br>Richmond, VA 23218 | Wells Fargo<br>P.O. Box 11701<br>Newark, NJ 07101-4701 | |

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**In re: Melody Y. Kirven**

---

### EXHIBIT "1" TO MOTION TO CONTINUE STAY AND MEMORANDUM IN SUPPORT THEREOF

### AFFIDAVIT OF Melody Y. Kirven

BEFORE ME, the undersigned authority, personally appeared Melody Y. Kirven, known to me, and upon her oath stated as follows:

1. My name is Melody Y. Kirven. I am above the age of 18 years, and competent to make this affidavit. I have personal knowledge of the facts set forth in this affidavit.

2. I reside at 612 Pollock Street , Richmond, VA 23222.

3. I have income from my employment as a medical assistant at ISWLC. My income is stable, and I do not expect it to change in the future.

4. I am the debtor in the present bankruptcy case.

5. During the one (1) year prior to filing the present case, I have been debtor in one (1) pending bankruptcy case that was dismissed.

6. The previous case was a Chapter 13 bankruptcy case filed on May 5, 2017, and dismissed on August 4, 2017 (Case No. 17-32358) (the "previous case").

7. The previous case was dismissed because of certification of failure to commence plan payments. My pay from my employer was sporadic due to administrative issues at the office, which unexpectedly reduced my income

8. Since the dismissal of the previous case, I have experienced a significant positive change in my financial circumstances in that the administrative issues have been resolved and I am again receiving consistent income.

9. I believe that these changes in circumstances will enable me to successfully complete this bankruptcy case.

10. I have listed all of my assets and all of my debt and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

11. I will propose the following treatment of my creditors in my Chapter 13 Plan: payment through the Trustee to Credit Acceptance and Loan Smart for vehicles; to Schewel Furniture for personal property; to the IRS, City of Richmond, and Henrico County for certain tax debts; my unsecured creditors will receive a reasonable dividend based on my best efforts to pay.

12. I am proposing to pay the Trustee all projected disposable income, $390.00 per month, for a period of 60 months.

13. After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

14. My debts arose as a result of ordinary living expenses.  The credit card debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services. I have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

15. I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect. In addition to repaying my creditors what I can afford and obtain a discharge of my indebtedness, the purpose of my bankruptcy filing is to pay off my vehicles and tax debts.

16. My income is consistent and likely to remain so during my case. My household expenses are not likely to change substantially. I believe I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

WITNESS the following signature and seal this <u>18th</u> day of <u>August, 2017</u>.

<u>/s/ Melody Y. Kirven </u>(seal)
Melody Y. Kirven

CERTIFICATE OF ACKNOWLEDGMENT:
Commonwealth of Virginia
City of Richmond, to wit:

The foregoing instrument was acknowledged before me this <u>18th</u> day of <u>August, 2017</u>, by <u>Melody Y. Kirven</u>.

My Commission Expires:  <u>2/28/19</u>         <u>/s/ Allan Gray Watkins</u>
                                              Notary Public

                                              <u>7653079</u>
                                              Notary Registration Number